IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION
_____

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CASE NO. 04:11-CR-166 |
| | § | JUDGE CRONE |
| BRENDAN COUGHLIN (1) | § | |
| HENRY HARRISON (2) | § | |
| MARK MILLER (3) | § | |

**DEFENDANTS' JOINT OBJECTIONS TO MAGISTRATE JUGE'S REPORT
AND RECOMMENDATION DENYING DEFENDANTS' JOINT MOTION TO
SUPPRESS FRUITS OF SEARCHES OF PAM LLC AND PR LLC ON JULY 6,
2009 AND EVIDENCE SEIZED DURING SEARCHES**

Defendants Brendan Coughlin, Henry Harrison, and Mark Miller, through undersigned counsel, submit this their Joint Objections to Magistrate Judge's Report and Recommendation Denying Defendants' Joint Motion to Suppress Fruits of Searches of PAM LLC and PR LLC on July 6, 2009 and Evidence Seized During Searches. (Report and Recommendation of United States Magistrate Judge, Docket Entry 72).

## BACKGROUND

On October 9, 2012, Defendants Coughlin and Harrison filed a joint motion to suppress in this matter. Joint Motion to Suppress Fruits of Searches of PAM LLC And PR LLC On July 6, 2009 and Evidence Seized During Searches ("Motion to Suppress"), Docket Entry 33. Co-defendant Mark Miller was granted leave to adopt the motion on January 28, 2013. On October 16, 2012, the government filed its Response to Defendants' Motion to Suppress (Docket Entry 35) and on October 23, 2012, the defendants filed their Reply in Support of Joint Motion to Suppress Fruits of Searches of PAM LLC and PR LLC on July 6, 2009 and Evidence Seized During Searches (Docket

Entry 38).   The Magistrate Judge conducted a hearing on the motion on November 28, 2012.   The Magistrate Judge's Report and Recommendation denying the motion was filed on February 4, 2013. [1]

## SUMMARY OF THE ARGUMENTS

In their joint motion, Defendants sought an order suppressing the fruits of the July 6, 2009 searches of the offices of Provident Asset Management, LLC ("PAM") and Provident Royalties, LLC ("PRLLC") led by the United States Securities and Exchange Commission ("SEC") and all evidence derived from those searches and seizures.   The July 6, 2009 searches were initiated pursuant to an ex parte temporary restraining order issued on July 2, 2009 by United States District Judge Sam A. Lindsay of the Northern District of Texas.   Judge Lindsay issued the TRO in reliance upon two declarations issued by Scott Frost, staff accountant with the SEC in Salt Lake City.

As discussed in their joint motion and reply, the searches and seizures by the SEC violated the Fourth Amendment to the United States Constitution.   Assuming that the ex parte TRO signed by Judge Lindsay was the functional equivalent of a warrant, it lacked the requisite specificity to pass constitutional muster in certain important respects.   The TRO did not delimit the place to be searched or the things to be seized, and it did not

---

[1] The government filed notices of plea agreements as to Coughlin and Harrison on February 1, 2013 and as to Miller on February 4, 2013.   The Magistrate Judge's Report and Recommendation denying the defendants' joint motion was filed on February 4, 2013 (accordingly, the deadline to submit objections is February 19, 2013).  Also on February 4, 2013, defendants filed an unopposed joint motion seeking an extension of time in which to submit objections to the Magistrate Judge's Report and Recommendation on the joint motion to suppress as well as two other motions, seeking leave to continue the deadline until such time as the Court has made a final determination regarding acceptance of the plea agreements of all three defendants.   (Joint Motion to Extend Deadline to Object to Magistrate Judge's Report and Recommendations, Docket Entry 77).  On February 19, 2013, counsel were advised that their joint motion for an extension of time in which to submit objections would be denied.  Though as of the date and time of filing of these objections no order has issued, defendants submit these objections to preserve them in the event their plea agreements are ultimately rejected.  Defendants will submit additional briefing if necessary.

purport to limit its scope to evidence of violations of certain statutes or to particular categories of documents likely to constitute evidence of alleged violations of securities laws.

In addition, as set forth in much more detail in the defendants' joint motion and reply, the ex parte TRO was issued on the basis of intentional or reckless material misstatements and omissions.   Accordingly, a Franks hearing and suppression are warranted under *Franks v. Delaware*, 438 U.S. 154 (1978).

In its response to the joint motion to suppress, the Government cites a single case – *United States v. Setser*, 568 F.3d 482 (5th Cir. 2009) – in support of its claim that a temporary restraining order is not a warrant and thus that neither the Constitution's particularity requirement nor *Franks* applies.   Thus, according to the government, a court-appointed receiver can present a court with intentional or reckless falsehoods and omissions in an ex parte proceeding, obtain a court order in reliance upon those falsehoods, and then enter a corporation's offices and seize everything in it, all without implicating the Fourth Amendment.   As the joint reply explains, the government misreads *Setser* and ignores binding Supreme Court precedent.

The Magistrate Judge's Report and Recommendation largely adopts the government's arguments.   For the reasons set forth below and in the defendants' joint motion to suppress and reply, the defendants object to the Magistrate Judge's Report and Recommendation.

## OBJECTIONS

The Magistrate Judge's Report and Recommendation first holds, in reliance upon

*Setzer,* that the Fourth Amendment does not apply when a district court issues an ex parte TRO in a civil context and appoints a receiver who enters business premises and seizes business records, which are subsequently provided to law enforcement.  This holding is in contravention of Supreme Court precedent that conclusively establishes that the Fourth Amendment protects business premises from governmental intrusion, regardless of the purposes for that intrusion.  *See, e.g., G.M. Leasing Corp. v. United States*, 429 U.S. 338, 353 (1977); *See v. City of Seattle*, 387 U.S. 541, 543-44 (1967); *Go-Bart Co. v. United States*, 282 U.S. 344, 357 (1931); *Silverthorne Lumber Co. v. United States*, 251 U.S. 385, 392 (1920); *see also Soldal v. Cook County*, 506 U.S. 56, 66-67 (1992); *Marshall v. Barlow's, Inc.*, 436 U.S. 307, 311-12 (1978).  Moreover, *Setser* does not and could not purport to create an exception the Fourth Amendment for search and seizures conducted by a Receiver.  Rather, *Setser* stands for the proposition that a receivership order is valid if entered after full adversarial proceedings, but does not hold that the government may evade the Fourth Amendment's requirements with an ex parte TRO.

The Magistrate Judge's Report and Recommendation also holds that defendants are not entitled to a *Franks* hearing because, according to the Court, "Defendants never challenged the appointment [of the Receiver]."  (Report and Recommendation at 8).  As explained in defendants' joint reply brief, they had no advance notice that the SEC intended to seek a TRO.  The SEC obtained the TRO in an ex parte proceeding.  Thus, the TRO, seizure of all of the PAM LLC and PRLLC records and the freezing of all of the corporations' assets and the assets of the principals were a "fait accompli" before the defendants ever received any notice of the SEC's intentions.  Under such circumstances,

the mere acquiescence of the defendants to the asserted authority of the Receiver, who was by then in possession of all of their documents and all of their money, cannot operate as a waiver of their right to complain that the TRO issued based upon falsehoods.  *See Bumper v. North Carolina*, 391 U.S. 543 (1968); *United States v. Jaras*, 86 F.3d 383, 390 (5th Cir. 1996).

**CONCLUSION**

For the reasons set forth above and in their joint suppression motion and joint reply, defendants respectfully object to the Magistrate Judge's Report and Recommendation.

Respectfully submitted,

/s/ David Finn
DAVID FINN
TX State Bar No. 07026900
Milner & Finn
2828 N. Harwood, Suite 1950
Dallas, Texas 75201
214.651.1121
JudgeFinn@DavidFinn.com

MARLO P. CADEDDU
TX State Bar No. 24028839
Law Office of Marlo P. Cadeddu, P.C.
3232 McKinney Ave., Suite 700
Dallas, TX 75204
214.744.3000
214.744.3015 (facsimile)
mc@marlocadeddu.com
Attorneys for Brendan Coughlin

/s/ William M. Ravkind
WILLIAM M. RAVKIND
TX State Bar No. 16587300
Ravkind & Associates, LLC
One Meadows Building
5005 Greenville Avenue, Suite 200
Dallas, Texas 75206
214.559.0555
214.363.9979 (Facsimile)
BRavkind@JohnHCarney.com

JOHN D. CLINE
CA Bar No. 237759
Law Office of John D. Cline
235 Montgomery Street, Suite 1070
San Francisco, CA 94104
415.322-8319
415.524-8265 (facsimile)
Email:  cline@johndclinelaw.com
Attorneys for Henry Harrison

/s/ Camille M. Knight
CAMILLE M. KNIGHT
TX State Bar No. 24027124
2828 Routh Street, Suite 850
Dallas, TX  75201
214.871.2741
214.871.0620 (facsimile)
Email:  camille@cknightlaw.com
Attorney for Mark Miller

CERTIFICATE OF SERVICE

This is to certify that today, February 19, 2013, I have filed the instant Objections
using the Electronic Case Filing system for the Eastern District of Texas which will send
a notice of filing to all counsel of record.

/s/ David Finn
DAVID FINN
Attorney for Brendan Coughlin

6

/s/ William M. Ravkind
WILLIAM M. RAVKIND
Attorney for Henry Harrison